IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Roywickus Cade, #196907,<br>                Petitioner,<br><br>v.<br><br>A.J. Padula, Warden of Lee<br>Correctional Institution,<br>                Respondent.[1] | Civil Action No.8:08-3040-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

      The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 18.)

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

      The petitioner brought this habeas action on August 28, 2008.[2] On February 10, 2009, the respondent moved for summary judgment. By order filed February 11, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 10, 2009, the petitioner filed a response to the respondent's motion.

---

[1] The undersigned notes that since the petitioner was transferred to the Walden Correctional Institution ("WCI") after he filed this habeas action, (see dkt. # 22), the Warden of the WCI should be substituted as the respondent for the Warden of the Lee Correctional Institution.

[2] This date reflects that the petition was date stamped as received on August 28, 2008, at the Lee Correction Institution mailroom. (Dkt. # 1 Attach. 6.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## PROCEDURAL FACTS

The petitioner is currently a state prisoner housed in the Walden Correctional Institution. In February 1999, the petitioner was indicted by the Darlington County Grand Jury for armed robbery. The petitioner was represented by Newton I. Howle, Esquire. On November 10-12, 1999, the petitioner was tried by a jury with the Honorable John M. Milling presiding. The petitioner was convicted as charged and Judge Milling sentenced him to fifteen years. The petitioner timely filed a direct appeal.

On appeal, the petitioner was represented by Daniel T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense. (App. 320.) In his brief, the petitioner raised the following issues: 1) the court did not have subject matter jurisdiction of the armed robbery where the indictment failed to allege animus furandi; and 2) the court incorrectly admitted into evidence a robbery allegedly committed by the petitioner in Florence County, where the probative value of this evidence was outweighed by its prejudicial impact on the petitioner. In an unpublished opinion filed on March 14, 2002, the South Carolina Court of Appeals affirmed the petitioner's conviction. The petitioner attempted to file a pro se petition for rehearing, but he was not allowed to because he was represented by counsel. The remittitur was sent down on April 1, 2002.

On August 12, 2002, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief:

> 1) Ineffective assistance of counsel due to counsel's failure to object to an erroneous charge on circumstantial evidence;
>
> 2) Ineffective assistance of counsel when counsel failed to object or move to quash his armed robbery indictment that failed to convey subject matter jurisdiction;
>
> 3) Constructive ineffective of counsel when the state conducted a post-arrest, post-indictment photo line-up without the presence of the petitioner's c

2

> 4) Ineffective assistance of counsel when counsel operated with a conflict of interest with the trial judge to obtain his guilty plea; and he was denied effective assistance of counsel when counsel failed to move to suppress identification testimony/evidence.

(App. 372-379.) On November 15, 2004, an evidentiary hearing was held before the Honorable B. Hicks Harwell, Jr. (App. 384-463.) The petitioner was present and was represented by James H. Lucas, Esquire. (*Id.*) On January 6, 2005, Judge Harwell granted the petitioner's application for PCR finding he had received ineffective assistance of appellate counsel. (App. 464-70.)

On January 21, 2005, the State timely filed a Notice of Appeal with the South Carolina Supreme Court. On appeal, the petitioner was represented by Robert M. Pachak, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense. On March 15, 2007, the State asserted in its brief that the PCR Court erred in allowing an amendment to the PCR application on the day of the evidentiary hearing and the PCR Court erred in finding appellate counsel was ineffective. The South Carolina Supreme Court, transferred the case to the South Carolina Court of Appeals. On March 6, 2007, the Court granted the petition for a writ of certiorari.

In an unpublished opinion filed September 18, 2007, the South Carolina Court of Appeals affirmed in part and reversed in part. The Court of Appeals held the PCR judge did not abuse his discretion by allowing the petitioner to attack his appellate counsel and, in effect, amending his application. The Court held that the State had failed to demonstrate any legal prejudice. The Court of Appeals further held that appellate counsel could not be faulted for not having raised unpreserved issues and also found no prejudice. Finally, in regard to the claim of ineffective assistance of trial counsel, because the petitioner did not appeal that holding, the Court of Appeals held it was the law of the case and affirmed. The remittitur was sent down on October 5, 2007.

In this habeas petition, the petitioner raised the following grounds for relief, quoted verbatim:

> **Ground One:** Ineffective Trial Counsel - Conflict of Interest Denied Fair Impartial Trial - Ineffective Appellate Counsel - Lack of Subject Matter Jurisdiction.
>
> **Supporting Facts:** Trial Counsel fail to challenge sufficiency of Indictment prior to trial and for failure to object to erroneous jury charge on circumstantial evidence Counsel breached his loyalty creating conflict by ex parte contact with trial judge and state in plea negotiations to obtain conviction, avocating against his client by conceding his guilty, which is a denial of counsel at a critical stage. Appellate counsel was ineffective by failing to raise *Neil v. Biggers* and for failing to consult with trial counsel before filing the appeal
>
> **Ground Two:** Conflict of Interest
>
> **Supporting Facts:** Trial counsel engaged in plea negotiations with judge and state - conceded his client guilt - breached his loyalty by advocating against his client thus denied his client to effective representation at critical stage of criminal proceedings - where prejudice does not have to be proven and is automatically presumed which warrants reversal
>
> **Ground Three:** Denied a Fair and impartial Trial - Ineffective Appellate Counsel
>
> **Supporting Facts:** The trial judge abused his discretion in admitting circumstantial evidence and the identification evidence testimony and also gave erroneous jury instruction regarding both matters Appellate Counsel was ineffective for failing to raise the identification issues
>
> **Ground Four:** Lack of Subject Matter Jurisdiction
>
> **Supporting Facts:** The indictment fails to allege all essential elements of the crime charged Fail to appraise the defendant of what to be prepared to defend himself against

(Pet. 6-12.) After reviewing the petitioner's memorandum which was attached to his habeas petition, the respondent states that it appears that the petitioner has also raised the following issues:

> **Ground Five:** Trial judge made comments which indicated his opinion as to the sufficiency of the weight of the evidence

> **Ground Six:** Violation of right to confront witnesses; post-arrest, post-indictment photo array without Petitioner or Petitioner's counsel being present
>
> **Ground Seven:** Trial counsel should have raised a *State v. Carter,* 476 S.E.2d 916 objection

## **APPLICABLE LAW**

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations

5

averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent asserts that this habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The undersigned agrees.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

Further, as noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 196 F.3d 557, 561 (4th Cir. 1999).

The petitioner was convicted on November 12, 1999. The petitioner timely appealed his conviction and sentence. The appeal from his conviction and sentence was dismissed by the South Carolina Court of Appeals on March 14, 2002. The remittitur was sent down on April 1, 2002. Thus, the petitioner's conviction became final on that date and the statute of limitations began to run. On August 12, 2002, after 133 days had elapsed, the petitioner filed an application for PCR. Therefore, at the time of the filing for PCR, the petitioner had 232 days remaining in which to file this federal habeas action. The petitioner's PCR action was dismissed on October 5, 2007, with the filing of the remittitur, and this restarted the running of the statute of limitations period.

7

With 232 days remaining, the petitioner had until May 27, 2008, to file his habeas petition.[3] This habeas petition was not filed until August 28, 2008, a little over three months after the statute of limitations period had run. The petitioner does not disagree about the untimeliness of the petition. He, however, contends that he is entitled to equitable tolling. (Pet'r's Mem. Opp. Summ. J. Mot. at 4-5.)   The undersigned disagrees..

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (quotation marks omitted); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse,* 339 F.3d at 246.

The petitioner contends that he was in lock-up or SMU which he alleges prevented him from timely filing this habeas petition. (Pet'r's Mem. Opp. Summ. J. Mot. at 5; 6.) The petitioner alleges that in SMU he did not have access to a law library or other needed material in order to prepare his petition. (*Id.* at 5.)

Courts have held, however, that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Bums v. Beck,*

---

[3]The statute of limitations time period actually ran on May 25, 2008. However, May 25, 2008, was a Sunday and the following day, May 26, 2008, was a holiday, Memorial Day. Thus, the petitioner would have had until Tuesday, May 27, 2008, to file. *See* Rule 6(a)(3), F.R.C.P.

8

349 F.Supp.2d 971, 974 (M.D.N.C. 2004) (*citing Harris*, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Id.* Additionally, "[o]ther courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness." *Jones v. South Carolina*, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished). *See also Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (stating that limited access to a law library is not grounds for equitable tolling). The circumstances alleged by the petitioner simply do not present those rare instances where it would be unconscionable to enforce the limitations period against the petitioner. Accordingly, the petition is time barred and should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. #18) be GRANTED; and the Petitioner's Habeas Petition be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 3, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).