IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

RECEIVED
CLERK GREENVILLE. SC

2009 AUG -6  P 1: 18

| | | |
|---|---|---|
| Roywickus Cade, #196907, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 8:08-3040-SB |
| v. | ) | |
| | ) | |
| Elaine Pinson, Warden of Walden | ) | **ORDER** |
| Correctional Institution, | ) | |
| | ) | |
| Respondent.[1] | ) | |

This matter is before the Court upon the *pro se* Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Pursuant to Local Rule 73.02(B)(2)(c), the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 3, 2009, Magistrate Judge Bruce Howe Hendricks issued a report and recommendation ("R&R") analyzing the Petitioner's claims and recommending that the Court grant the Respondent's motion for summary judgment. Attached to the R&R was a notice advising the Petitioner of his right to file specific, written objections to the R&R within ten days of the date of service of the R&R. See 28 U.S.C. § 636(b)(1).

## BACKGROUND

The Petitioner is a prisoner at the Walden Correctional Institution. In February of 1999, the Darlington County Grand Jury indicted the Petitioner for armed robbery. On

---

[1] As the Magistrate Judge noted, when the Petitioner filed his § 2254 petition, he was housed at the Lee Correctional Institution, and therefore, he named Warden A. J. Padula as the Respondent. Because the Petitioner was transferred to the Walden Correctional Institution after filing his § 2254 petition, however, the Court has substituted Warden Elaine Pinson as the proper Respondent.

[2] Because the Petitioner proceeds *pro se*, his pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

November 10-12, 1999, the Petitioner, who was represented by Newton I. Howle, Esquire, proceeded to trial before the Honorable John M. Milling. At the conclusion of the trial, the jury convicted the Petitioner as charged, and Judge Milling sentenced him to a term of fifteen years. The Petitioner filed a timely appeal of his conviction and sentence.

On appeal, the Petitioner, who was represented by Daniel T. Stacey, Esquire, Chief Attorney of the South Carolina Office of Appellate Defense, asserted that the trial court did not have subject matter jurisdiction of the armed robbery because the indictment failed to allege *animus furandi* and that the court incorrectly admitted evidence of a robbery allegedly committed by the Petitioner in Florence county. In an unpublished opinion filed on March 14, 2002, the court of appeals affirmed the Petitioner's conviction. The Petitioner attempted to file a *pro se* petition for rehearing, but he was prevented from doing so because he was represented by counsel. On April 1, 2002, the remittitur was sent down.

On August 12, 2002, the Petitioner filed an application for post-conviction relief ("PCR"), raising various claims of ineffective assistance of counsel. On November 15, 2004, the Honorable B. Hicks Harwell, Jr held an evidentiary hearing. The Petitioner appeared and was represented by James H. Lucas, Esquire. On January 6, 2005, Judge Harwell granted the Petitioner's PCR application, finding that the Petitioner's appellate counsel was ineffective.

On January 21, 2005, the State filed a timely notice of appeal with the South Carolina Supreme Court. On appeal, Robert M. Pachak, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, represented the Petitioner. In its brief, the State alleged that the PCR court erred by allowing an amendment to the PCR application on the day of the evidentiary hearing and that the PCR court erred in finding

appellate counsel ineffective. The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals, and on March 6, 2007, the court granted the petition for a writ of certiorari.

In an unpublished opinion filed on September 18, 2007, the South Carolina Court of Appeals affirmed in part and reversed in part the PCR court's decision. Specifically, the Court of Appeals held that the PCR judge did not abuse his discretion by permitting the Petitioner to amend his petition to allege ineffective assistance of appellate counsel. However, the court held that there had been no legal prejudice and that appellate counsel could not be faulted for failing to raise non-preserved issues. The remittitur was sent down on October 5, 2007.

On August 28, 2008, the Petitioner filed the present habeas petition raising the following issues: (1) ineffective assistance of trial counsel; (2) conflict of interest; (3) denial of a fair and impartial trial; (4) lack of subject matter jurisdiction: (5) improper comments by the trial judge; (6) violation of right to confront witnesses; and (7) failure of trial counsel to raise a State v. Carter, 476 S.E.2d 916, objection.

On February 10, 2009, the Respondent filed a motion for summary judgment, alleging that the Petitioner's § 2254 petition is barred by the statute of limitations and that the Petitioner's claims are procedurally defaulted and/or that they fail on the merits. The Petitioner filed a response in opposition to the Respondent's motion, asserting that he is entitled to equitable tolling and rearguing his grounds for relief.

On June 3, 2009, the Magistrate Judge issued an R&R, analyzing the issues and recommending that the Court find the § 2254 petition untimely and grant the Respondent's motion for summary judgment. On June 29, 2009, the Petitioner filed a second response

3

in opposition to the motion for summary judgment. A review of this filing indicates that it is largely identical to his first response, and it does not seem to contain any specific references to the R&R. In the interest of fairness, however, the Court will treat this response as an objection to the R&R.

## STANDARD OF REVIEW

### I.    Legal Standard for Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.    The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the record, including the R&R and the Petitioner's response, the Court finds that the Magistrate Judge adequately and

accurately summarized the facts and applied the correct principles of law.

## DISCUSSION

### I.     The AEDPA's Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Additionally, § 2244(d)(2) provides that its one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to

5

seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, the Petitioner's conviction became final at the conclusion of his direct appeal when the South Carolina Court of Appeals filed the remittitur on April 1, 2002. Therefore, his one-year statute of limitations began to run on that date, and it continued to run for 133 days until he filed a PCR application on August 12, 2002. The statute remained tolled during the pendency of his PCR application until October 5, 2007, when his PCR was dismissed with the filing of the remittitur. At this point, the Petitioner had 232 days within which to file a timely § 2254 petition, or in other words, until May 27, 2008; however, the Petitioner did not file his § 2254 petition until August 28, 2008, three months too late.

In both his initial response to the Respondent's motion for summary judgment and his second response, which the Court is construing as objections to the R&R in the interest of fairness, the Petitioner argues that he is entitled to equitable tolling because he was housed in lock-up and did not have adequate access to a law library or other materials to prepare this action. In the R&R, the Magistrate Judge disagreed and determined that the circumstances alleged by the Petitioner do not justify the application of equitable tolling.



Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), *cert. denied*, 516 U.S.

832 (2004); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Here, as previously mentioned, the Petitioner asserts that he was held in lock-up and that he did not have adequate access to a law library or other materials. After a review of the record as well as the relevant case law, however, the Court agrees with the Magistrate Judge that the circumstances alleged by the Petitioner simply do not justify the "guarded and infrequent" application of equitable tolling. As the Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). Furthermore, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Burns v. Beck, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) (citing Harris, 209 F.3d at 330-32). "Likewise, mistake of counsel does not serve as a ground for equitable tolling . . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id.; see also United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) (noting that ignorance of the law is not a basis for equitable

7

tolling); <u>Jones v. South Carolina</u>, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original) (unpublished)[3]; <u>Jenkins v. Johnson</u>, 2009 WL 1923938 (E.D. Va. 2009) (stating that "delays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling") (citations omitted). As previously stated, the Court agrees with the Magistrate Judge that the circumstances alleged by the Petitioner simply do not present those rare instances where it would be unconscionable to enforce the limitations period.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R (Entry 27) is adopted; the Respondent's motion for summary judgment (Entry 18) is granted insofar as the Court finds the Petitioner's § 2254 petition untimely; and this matter is ended.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

July **28**, 2009
Charleston, South Carolina

---

[3] As Judge Currie noted in <u>Jones</u>, an example of "extraordinary circumstance" was found to exist by the Ninth Circuit Court of Appeals in <u>Miles v. Prunty</u>, 187 F.3d 1104 (9th Cir. 1999), where an inmate had relied on prison officials to cut a check and mail his § 2254 petition to the district court. 2006 WL 1876543, *3, n. 5.